**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                          **Case No. 8:05-cr-36-T-30TBM**

**WOJTEK CISZKOWSKI,**

    **Defendant.**
_____/

## O R D E R

This cause is before the court on the following motions:

1)     Government's **Emergency Motion of the United States for a Hearing on the Status of Defendant's Legal Representation and to Continue Trial** (Doc. 30)**;**

2)     Defendant's **Motion for New Counsel** (Doc. 31);

3)     Defendant's **Amended Motion for Waiver of Maximum Compensation for Cost of Translator/Interpreter** (Doc. 34)**;** and

4)     Defendant's **Motion to Continue Trial** (Doc 35).[1]

A hearing on the motions was conducted June 9, 2005. For reasons more thoroughly addressed at the hearing the court enters the following orders. Defendant's Motion for New Counsel (Doc. 31) is **DENIED**. While matters proffered at the hearing, including those revealed during the *ex parte in camera* portion of the hearing, confirm that there are disagreements between the Defendant and Mr. Brown, at present the court cannot conclude that there exists any irreconcilable conflicts which require the dismissal of counsel.[2]

---

[1] This motion is addressed with the consent of the district judge.

[2] The Government's emergency motion related to counsel (Doc. 30) is **DENIED** as moot.

By his Amended Motion for Waiver of Maximum Compensation for Costs of Translator/Interpreter, the Defendant seeks funds pursuant to the CJA to cover the costs of the services of a Polish translator working at $60 per hour for a total of twenty hours. The Defendant has previously been determined to be eligible for legal assistance under the CJA. The services of a translator are necessary and appropriate to the defense of this case and such expenses are authorized under the CJA, 18 U.S.C. § 3000A(e). However, given the parameters of the request, it is unnecessary to exceed the cap set forth therein. Accordingly, the **Amended Motion for Waiver of Maximum Compensation for Cost of Translator/Interpreter** (Doc. 34) is **GRANTED** in part and **DENIED** in part. To the extent that the motion seeks an order waiving the maximum compensation for the cost of a translator/interpreter under the CJA, the motion is **Denied**. To the extent that the Defendant seeks authorization for funds to hire a Polish interpreter at $60 per hour for a total of twenty hours, the motion is **Granted**.[3]

By his Motion to Continue Trial (Doc. 35), the Defendant seeks a continuance of the trial through the conclusion of the August 2005 trial term so that counsel may conduct additional investigation. As announced at the hearing and as represented in the motion, the Defendant agrees to a tolling of speedy trial through this period. The motion is unopposed by the Government although it notes that the court has granted it protection from trial between July 18th and August 5, 2005. Upon consideration, the motion is **GRANTED.** Speedy trial is

---

[3]At the hearing, it was revealed that the Defendant and his wife have sold their residence and have realized a gain from the sale. In these circumstances, the Defendant should help defray the costs of his representation. <u>Accordingly, the court sua sponte **orders and directs** that the Defendant deposit the sum of $5,000.00 into the registry of the court, to offset the cost of his representation. Such deposit shall be made within twenty (20) days of the date of this order in the form of cash, money order, or cashier's check made payable to Clerk, U.S. District Court and to be credited to the Defender Services appropriation for the fiscal year in which the payment is received.</u>

2

tolled through the conclusion of the August 2005 trial term.  <u>This cause is hereby calendared for the August trial term before District Judge Steven D. Merryday</u>.  Counsel shall comply with <u>Judge Merryday's</u> status conference procedures in July, 2005.

**Done and Ordered** in Tampa, Florida, this 13th day of June 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Judge Steven D. Merryday
Judge James S. Moody Jr.
Stephen Muldrow, Assistant United States Attorney
Jeff Brown, Counsel for Defendant