UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 8:05-cr-36-T-23TBM
                                                                         8:08-cv-1364-T-23TBM

WOJTEK CISZKOWSKI
_____/

**O R D E R**

Ciszkowski's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for (1) using a facility of interstate commerce with the intent to commit a murder-for-hire, (2) possessing MDMA with the intent to distribute, and (3) possessing a firearm equipped with a silencer in furtherance of a crime of violence, for which offenses he is serving a total of 372 months. The imposition of sentence is reported at United States v. Ciszkowski, 430 F. Supp. 2d 1283 (M.D. Fla. 2006). Both the convictions and the sentences were affirmed at United States v. Ciszkowski, 492 F.3d 1264 (11th Cir. 2007). Although timely, the motion to vacate lacks merit.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v.

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

The only claims alleged in the motion to vacate are the same four claims rejected on appeal, although now alleged as claims of ineffective assistance of counsel.  To prove ineffective assistance of counsel, Ciszkowski must show that counsel's performance was both deficient and prejudicial.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The circuit court's ruling on direct appeal rejecting each specific underlying claim precludes an argument that counsel was ineffective because Ciszkowski cannot show that counsel's performance was deficient.  Additionally, an issue rejected on direct appeal is not subject to further review in a Section 2255 motion.  United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal.  '[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.' "), cert. denied, 531 U.S. 1131 (2001) (citation omitted).

Accordingly, Ciszkowski's motion to vacate (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Ciszkowski and close this action.

ORDERED in Tampa, Florida, on September 3, 2008.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE